UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUCLIDES BARTOLOME BUGLIOTTI,
MARIA CRISTINA DE BIASI,
ROXANA INES ROJAS,
DENISE LAURET, and
MARIA CARLA GONANO,

                      Plaintiffs,

            -against-

THE REPUBLIC OF ARGENTINA,

                  Defendant.

**COMPLAINT**

Plaintiffs allege for their Complaint as follows:

1.    This is an action for breach of contract arising in connection with defaulted bonds issued by Defendant, the Republic of Argentina.

Parties

2.    Plaintiffs are citizens and residents of Argentina. They are the beneficiaries of trusts holding over $35.8 million (face amount) of the defaulted Argentine bonds. In their capacities as trustors and/or beneficiaries, Plaintiffs have obtained orders from a competent Argentine court judicially authorizing Plaintiffs to bring this action, instead of the trustee. The trustee's counsel

participated in the hearing with a power of attorney from the trustee and did not object to the authorizations, which are further described herein.

3.       Defendant is a foreign state as defined in 28 U.S.C. § 1603(a). Defendant is referred to herein as "Argentina" or the "Republic."

Jurisdiction

4.       This Court has jurisdiction pursuant to 28 U.S.C. § 1330. Argentina regularly conducts business in this district and has agreed to be subject to actions of this type here.

5.       Venue is proper in this district by consent of the defendant and pursuant to 28 U.S.C. § 1391(f).

Facts

6.       Plaintiffs Euclides Bartolomé Bugliotti and his wife Maria Cristina De Biasi purchased certain bonds issued by the Republic pursuant to a Fiscal Agency Agreement dated as of October 19, 1994 (the "1994 FAA") as follows:

| ISIN | Maturity | Coupon | Principal Amount |
|------|----------|--------|------------------|
| US040114GD65 | 2012 | 12.375% | US$ 17,050,000 |
| US040114GD65 | 2012 | 12.375% | US$ 10,202,000 |
| US040114AR16 | 2017 | 11.375% | US$      28,000 |
| US040114AR16 | 2017 | 11.375% | US$     800,000 |
| US040114AR16 | 2017 | 11.375% | US$   4,118,000 |
| US040114AR16 | 2017 | 11.375% | US$     565,000 |

In this complaint, "Bugliotti" refers to Bugliotti and De Biasi together, and "Plaintiffs" includes both.

2

7.      Hugo Lauret purchased certain bonds issued by the Republic pursuant to the 1994 FAA. He died in January 2015. Thereafter, the administrator of his estate handled the interests in these bonds. The interests in these bonds have now been distributed to his three heirs, Plaintiffs Roxana Inés Rojas ("Rojas"); Denise Lauret; and B.L.G., a minor (year of birth 2008) who is appearing here by his mother and legal representative Maria Carla Gonano ("Gonano"). Rojas, Denise Lauret, and Gonano hold interests in these bonds as follows:

| ISIN | Maturity | Coupon | Principal Amount |
|------|----------|--------|------------------|
| **Rojas** | | | |
| US040114GD65 | 2012 | 12.375% | US$  1,523,000 |
| US040114AR16 | 2017 | 11.375% | US$     4,000 |
| **Denise Lauret** | | | |
| US040114GD65 | 2012 | 12.375% | US$   914,000 |
| US040114AR16 | 2017 | 11.375% | US$     3,000 |
| **Gonano** | | | |
| US040114GD65 | 2012 | 12.375% | US$   610,000 |
| US040114AR16 | 2017 | 11.375% | US$     1,000 |

In this complaint, the "Lauret heirs" refers collectively to Rojas, Denise Lauret, and Gonano; and "Plaintiffs" includes any or all of Hugo Lauret, the administrator of his estate, and the Lauret heirs, at the times those persons hold or held interests in the bonds.

8.      Bonds of the type referred to in paragraphs 6 and 7 are referred to herein as the "Bonds." The Bonds and the interests held by Plaintiffs as set forth in paragraphs 6 and 7 are referred to herein as "Plaintiffs' Bonds."

9. The Republic was and is contractually required unconditionally to make principal and interest payments on the Bonds. Bugliotti and Hugo Lauret purchased their Bonds in the secondary market in good faith, for value, and without notice of any defects in or claims against the Bonds. The Bonds are negotiable instruments held in trust for Plaintiffs as holders in due course.

10. Pursuant to Section 22 of the 1994 FAA, the Republic (i) appointed Banco de la Nación Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity, with respect to the Bonds.

11. Pursuant to Section 12 of the 1994 FAA, the following are defined as Events of Default (with respect to the Bonds as "Securities"):

    (a)    Non-Payment: the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days; or

    \* \* \*

    (d)    Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

12. In or about November 2001, Bugliotti and Hugo Lauret, as holders of the Plaintiffs' Bonds described above, subscribed to an Argentine government program (the "Tax Credit Program"), promulgated pursuant to Section 2 of Presidential Decree 1005/2001 and related decrees and resolutions, which provided bondholders with periodic credits, in amounts equivalent to accruing due and unpaid interest on their Bonds, against the bondholders' obligations to pay local taxes. Subscribers' Bonds were placed in trust with Caja de Valores, with Bugliotti and Hugo Lauret as trustors and beneficiaries of their respective trusts and Caja as trustee. Caja administered

the program using "CCF" certificates, based on the accruing bond interest coupons, for the bondholders' redemption of the tax credits; the principal amounts of the Bonds deposited in trust were recorded in "CC" custody certificates, which could not be used by the bondholders for tax or any other credits.

13.     On or about December 24, 2001, the Republic declared a moratorium on the payment of principal and interest with respect to its foreign debt, including the bonds issued pursuant to the 1994 FAA, which included Plaintiffs' Bonds. The Republic has not made any payment of principal or interest on the defaulted Bonds since that date.

14.     There has been an Event of Default on the Bonds, and the Republic is in breach of its obligations under the 1994 FAA.

15.     Bugliotti and Hugo Lauret received CCF tax credits under the Tax Credit Program with respect to interest on the 2012 Bonds accruing from the date of Plaintiffs' entry into the Program and until the maturity of those Bonds on February 21, 2012. Bugliotti and Hugo Lauret or the administrator of his estate received CCF tax credits under the Tax Credit Program with respect to interest on the 2017 Bonds accruing from the date of Plaintiffs' entry into the Program and until the maturity of those Bonds on January 30, 2017. The CCF tax credits were redeemed and used by Plaintiffs to pay local tax obligations under the Program. The Tax Credit Program is now finished, for Plaintiffs and all other participants, meaning there are no further CCF tax credits outstanding. The Argentine government has blocked Caja de Valores from releasing Plaintiffs' Bonds from trust and has not made any repayments of principal or payments of accruing post-maturity interest on Plaintiffs' Bonds.

16.     Bugliotti and the administrator of Lauret's estate and Caja de Valores entered into "Certifications" in November 2017, which Plaintiffs viewed as delegations of authority by Caja to Plaintiffs for commencement and prosecution of an action in New York to enforce the Bonds.

17.     Pursuant to Section 12 of the 1994 FAA, by letters dated December 20, 2017, and July 27, 2023, counsel for Plaintiffs provided written notices to the Republic through its Fiscal Agent that Plaintiffs hold interests in their respective Bonds as alleged above, and that those Bonds are in default. In the letters, Plaintiffs demanded immediate payment of all principal on the Bonds; and payment of interest accruing on the 2012 Bonds since February 21, 2012, and payment of interest accruing on the 2017 Bonds since January 30, 2017.

18.     On December 20, 2017, Bugliotti and Lauret's executor (administrator) filed an action in the Southern District of New York seeking recovery of unpaid principal and unpaid post-maturity interest, and interest on interest, on the Bonds. The action was docketed as 17-cv-9934.

19.     In January 2019, the district court dismissed the action, holding that Plaintiffs were no longer "owners" of the Bonds after they were placed in trust. In March 2020, the Second Circuit reversed and held that "the relevant question" was "who may bring suit to enforce" the Bonds "under Argentine law." In March 2021, on remand, the district court again dismissed, finding (among other things) that Plaintiffs were not entitled to sue under Argentine law. Plaintiffs again appealed. On May 2, 2023, the Second Circuit issued its decision holding that Argentine law requires "judicial authorization" before the trust "beneficiary [may] exercise actions instead of [Caja]" (brackets in original) to enforce the Bonds.

20.     Plaintiffs (as trustors and/or trust beneficiaries) applied for judicial authorization orders from a competent Argentine court. Caja de Valores, the trustee, participated in the hearing and did not object to the application.

21.     An order, entered June 21, 2023, which is attached hereto in original and translation as Exhibit A, in section V(1), authorizes Bugliotti, Rojas, and Denise Lauret "to exercise and/or continue the relevant actions and all necessary acts for that purpose, in any jurisdiction and at all levels, including the enforcement of the issued judgment, in substitution of the Trustee of the Trust Agreements signed on November 23, 2001, with Caja de Valores S.A., in order to sue the issuer for the collection of the bonds or public securities that constitute the underlying assets of the mentioned trusts and their accessories, in their capacity as trustors and beneficiaries."

22.     An order, entered July 12, 2023, which is attached hereto in original and translation as Exhibit B, in section III(1), provides the same authorization to Gonano as the legal representative of her minor son.

23.     The Bonds, claims, transactions, and occurrences at issue in the present action are the same as in the prior action 17 Civ. 9934 described above.

24.     The Bonds remain intact and on deposit as trust assets at Caja.

First Claim

25.     The allegations in paragraphs 1-24 are incorporated here.

26.     By reason of the foregoing, the Republic has breached its contractual obligations to repay principal on Bugliotti's Bonds, as alleged above, and is liable for damages in an amount to be determined at trial, plus interest.

Second Claim

27.     The allegations in paragraphs 1-24 are incorporated here.

28.     By reason of the foregoing, the Republic has breached its contractual obligations to pay interest accruing on Bugliotti's Bonds since their maturities, as alleged above, and is liable for damages in an amount to be determined at trial, plus interest. Bugliotti is not seeking recovery of any pre-maturity interest.

### Third Claim

29.     The allegations in paragraphs 1-24 are incorporated here.

30.     By reason of the foregoing, the Republic has breached its contractual obligations to repay principal on Rojas's Bonds, as alleged above, and is liable for damages in an amount to be determined at trial, plus interest.

### Fourth Claim

31.     The allegations in paragraphs 1-24 are incorporated here.

32.     By reason of the foregoing, the Republic has breached its contractual obligations to pay interest accruing on Rojas's Bonds since their maturities, as alleged above, and is liable for damages in an amount to be determined at trial, plus interest. Rojas is not seeking recovery of any pre-maturity interest.

### Fifth Claim

33.     The allegations in paragraphs 1-24 are incorporated here.

34.     By reason of the foregoing, the Republic has breached its contractual obligations to repay principal on Denise Lauret's Bonds, as alleged above, and is liable for damages in an amount to be determined at trial, plus interest.

### Sixth Claim

35.     The allegations in paragraphs 1-24 are incorporated here.

36.     By reason of the foregoing, the Republic has breached its contractual obligations to pay interest accruing on Denise Lauret's Bonds since their maturities, as alleged above, and is liable for damages in an amount to be determined at trial, plus interest. Denise Lauret is not seeking recovery of any pre-maturity interest.

### Seventh Claim

37.     The allegations in paragraphs 1-24 are incorporated here.

38.    By reason of the foregoing, the Republic has breached its contractual obligations to repay principal on Gonano's Bonds, as alleged above, and is liable for damages in an amount to be determined at trial, plus interest.

Eighth Claim

39.    The allegations in paragraphs 1-24 are incorporated here.

40.    By reason of the foregoing, the Republic has breached its contractual obligations to pay interest accruing on Gonano's Bonds since their maturities, as alleged above, and is liable for damages in an amount to be determined at trial, plus interest. Gonano is not seeking recovery of any pre-maturity interest.

WHEREFORE, Plaintiffs demand judgment as follows:

(a)    An award of damages in an amount to be determined at trial, including principal; and interest accruing on the Bonds since the Bonds' maturities plus interest on those amounts; and

(b)    An award of Plaintiffs' costs, prejudgment interest, attorneys' fees, and such other and additional relief as the Court deems just and proper.

Dated:  July 28, 2023

MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, LLC

By: _Michael C Spencer_
     Michael C. Spencer
     mspencer@milberg.com
     100 Garden City Plaza, Suite 500
     Garden City, NY 11530
     Tel.: 212-594-5300
     Facs.: 212-868-1229
     Cell direct: 917-969-5538

*Attorneys for Plaintiffs*